Call our next case for the morning. Sotir Libarov v. Immigration Customs Enforcement. Thank you, Ms. Glazer. Good morning, Your Honors. Good morning. May it please the Court, Alexander Dababinori, of the United States Immigration Customs Enforcement. I just want to start with the call that you all had with my colleague about the determination. So the D.C. Circuit has held that a determination comprises of three different parts. It is the gathering and review of the documents. It is communication about the scope of the documents that have been found and the withholdings that the agency seeks to assert, and then three, information about the appeal rights. Here ICE has clearly done the first two steps. It has gathered and reviewed documents. Plaintiff no longer has any objection to the adequacy of the search, and the District Court has held that the search was adequate. The agency has also communicated the full scope of the documents that it found and has provided information about the exemptions that it is asserting. So at this point, there really is no other determination as a practical matter that the agency could provide. And as the D.C. Circuit explained in Crewe, the reason for that determination is to provide either the agency through its administrative review process or the court with reasons to review, and here clearly this court has had the reasons that the agency is asserting the exemption. On the matter of the declaratory judgment, this court has squarely held in Walsh in a very similar case as this one that once an agency has produced the requested records, that is all the FOIA requester is entitled to. In that case, there were two tranches of documents, and the plaintiff received one tranche, understood there to be remaining documents, received those after I think it was a year delay, and then came and asked this court for a declaratory judgment about that delay, and the court said that the case was moot. And here the same thing holds. There's no relief that the court can provide that wouldn't be anything but advisory. Declaratory judgments are not sort of roving licenses to declare wrongs in the past. Their primary impact is to change the behavior of the defendant in the future, and here there's nothing that can be done to erase the delay that has already occurred. Counsel, could I ask you, this was something that occurred to me during your opposing counsel's presentation, but if the government blows the statutory deadlines, as apparently happened here, and then produces the document during litigation, rendering the case moot, would the government then, do you think, be in a position to seek costs as a prevailing party because the case is now moot? I'm not sure whether the government could seek costs and how. That would be very troubling to me. Yeah, I understand that concern. I'm not sure that hasn't occurred. That argument sort of wasn't raised in the appellant's brief about sort of the implication of these matters on costs, and so I don't have any more information on that. What I can say is that, you know, the D.C. Circuit has made clear what the purpose of the 20-day deadline is, and the penalty to the agency really is its inability to stop judicial review. Once the 20 days, or potentially 30 days, if the agency invokes unusual circumstances has elapsed, that obviously provides the plaintiff the ability and the recourse to go to district court, and at that point you have a pragmatic process where the district court supervises production deadlines, can order the release of documents improperly withheld. That is the purpose of that deadline in the statutory regime. Can I also ask you, as I understand it, we're down to one six-page document.  And five of those pages have been disclosed. Is that right? A large majority of the pages have been disclosed. The district court ordered the disclosure of, I believe it was, all the sort of segregable personal information the plaintiff already had. So it's about five of the pages, yes. So it's really about the sixth page? Essentially, yes. There's like a small point on one. And what can you tell us about why that's all still so sensitive that it cannot be disclosed? Sure. So on the Exemption 7A issue, as Judge Pryor mentioned, really the agency provides sort of three categories of justification for its additional withholdings. The first is the Vaughn Index, which categorizes this document as a Homeland Security Investigations Report, and as this court and the Supreme Court have held, agencies can show generalized showing of harm over categories of documents if those categories of documents generally would interfere with contemplated enforcement proceedings. Here, a Homeland Security document is obviously the type of document that is generated. I understand categorically and in general. I'm just looking at this document and wondering what's so sensitive about this. So as the agency attested, there is an open investigation currently, and this document is related to that investigation. And as the declaration sort of notes, this document could provide information about how that investigation came about. It also could disclose information on techniques and practices, which I know is a 7E concern typically, but just as a matter of interference with the ongoing investigation of potential enforcement proceedings could also be relevant. And it could, you know, aid subjects of the investigation in evading or circumventing law enforcement. So those are the reasons. I understand all that in theory. I'm not asking you to disclose anything that would render the whole issue moot. Sure. But I'm still struggling to try to understand what in this page is so sensitive. It's difficult to discuss in open court without more, and I think this is sort of the difficulty that the agencies typically face in 7A issues, is you can't necessarily put the level of detail on the public record that is necessary. I think here the agency is relying on the inference the district court made viewing, and now you can make viewing the document in camera about how this document could reveal the scope of the investigation, targets of the investigation, et cetera. Now, of course, if you remain unsatisfied with that showing, then I think that the typical remedy, the appropriate remedy here would be to remand to the district court with instructions to ask the agency to go back and provide further information on  And the agency could also do so ex parte if needed to provide more explanation on the particular open investigation. I also just want to mention just a couple other points. Plaintiff on appeal raises for the first time the foreseeable harm standard. I think that issue is forfeited. It wasn't raised before the district court. The district court didn't address it, and it was really raised in a productory manner on appeal in only a couple of sentences. So I don't think the court has to reach that issue and forfeited that  I would also say that, you know, plaintiff... There's a request for declaratory judgment that Mr. Learwolf receives from the court saying, yes, ICE violated FOIA. I think that that would plainly be an advisory opinion. I don't think that that would provide any kind of remedy here. The remedy, as this court made clear in Walsh, is in order compelling documents. That is what plaintiff at bottom seeks here. If you read the complaint, if you read how the summary judgment motions were litigated, and even on appeal, this is really a case about one document, one six-page document of which there are some remaining exemptions. So that is the in practice remedy that plaintiff seeks here. As to the sort of allegations of pattern or practice, similarly here plaintiff wouldn't have standing to bring that type of a claim, which I think would be improper under the APA, but even if brought under FOIA as a FOIA pattern or practice claim, plaintiff has no information on the record that there are any other pending FOIA requests, that they've ever submitted a previous FOIA request and received a delay like this, or that there are any future planned requests. Again, this is really a case that boils down to one remaining document with some redactions, and that's the issue before the court. If there are no other questions, then thank you so much. Thank you. All right. That's all the time that we have. Ms. Wazer, I'll go ahead and give you one minute for rebuttal. Okay. I will use my one minute to read from the interim response, because I didn't have it, and that is, that's what the government put in response. Be advised that once all pending matters are resolved, and FOIA exemption 7A is no longer applicable, there may be other exemption which would be protected certain information from disclosure, such as FOIA exemption 6, 7C, 7D, 7E, and 7F. This is what they put in the interim response, and they obtained judgment in their favor on this response, basically saying, once the investigation is closed, we may be able to do something else to complete your request, but we're not going to do it now, and now that we have a judgment against you, there is no reason for us to do it. And that goes to the core of this case, and that is, if there is permission for them to do so, then the act, stripped from the requirement for final determination, will be completely illusory. Thank you. Thank you. We'll take the case under advisement, and thank you both, counsel, for the presentations this morning. We have United States v. Larry Doss.